IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHAWN ORIN HIGLEY,** | Case No. 3:22-cv-01474-IM |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| **NEWREZ, LLC d/b/a SHELLPOINT PARTNERS, LLC,** | |
| Defendant. | |

Shawn Orin Higley, Higley Financial, 1470 NW Glisan Avenue, Suite 1205, Portland, OR 97209. Pro se Plaintiff.

Gregor Hensrude, Klinedinst PC, 1200 Fifth Avenue, Suite 1750, Seattle, WA 98101. Attorney for Defendant.

**IMMERGUT, District Judge.**

Shawn Orin Higley, a pro se plaintiff ("Plaintiff"), filed suit against Newrez, LLC d/b/a Shellpoint Partners, LLC ("Defendant"), alleging a single claim under the Fair Credit and Reporting Act ("FCRA"). ECF 1 at ¶ 60. Before this Court is Defendant's Motion to Dismiss. Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted. ECF 7 at 4–5. For the following reasons, Defendant's Motion is GRANTED.

\\\

PAGE 1 – ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## BACKGROUND

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is typically limited to reviewing only the contents of a plaintiff's complaint. Fed. R. Civ. P. 12(d). Courts may, however, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Defendant asks this Court to consider certain exhibits attached to its Motion to Dismiss. ECF 7 at 2 n.1; *see also id.*, Exs. A–C. These exhibits are court filings or official records related to the dissolution of Plaintiff's marriage and the sale of Plaintiff's home, which Plaintiff references in his Complaint. ECF 1 at ¶¶ 3, 9. Because Plaintiff's Complaint directly implicates the content of these documents, this Court incorporates these exhibits by reference. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (district court did not err in considering materials outside of the pleadings on a motion to dismiss where the plaintiff alleged the contents of the documents in her complaint).

Plaintiff is a resident of Portland, Oregon. ECF 1 at ¶ 1. Defendant is a foreign limited liability company incorporated in Pennsylvania that conducts business in the state of Oregon. *Id.* at ¶ 2. Plaintiff opened a mortgage account with NewRez for a property located at 9420 NW Kaiser Road in Portland, Oregon ("Subject Property"). *Id.* at ¶ 56. On or about September 28, 2020, Plaintiff requested forbearance of his mortgage payments due to the COVID-19 pandemic. *Id.* at ¶ 57.

On March 15, 2021, Plaintiff and his ex-spouse stipulated to the terms of a General Judgment for the dissolution of their marriage. ECF 7, Ex. A at ¶ 5. The General Judgment dictated the Subject Property must be listed for sale on May 15, 2021, with a listing price not less

PAGE 2 – ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

than $2,500,000.00. *Id.*, Ex. B at ¶¶ 3.1.1.–3.1.1.2. The sale proceeds were to be distributed to pay off encumbrances on the Subject Property, with any remaining proceeds to be equally divided between Plaintiff and his ex-spouse. *Id.* at ¶¶ 3.3–3.3.7.

Plaintiff alleges that the listing deadline imposed by the Judgment would have made refinancing the Subject Property impossible. ECF 1 at ¶ 3. Through an error on the listing realtor's part, however, the listing of the Subject Property was delayed, which allowed Plaintiff time to attempt to refinance the Subject Property. *Id.* at ¶ 4. Plaintiff attempted to refinance the Subject Property through Quontic. *Id.* at ¶ 3. Plaintiff alleges that he intended to pay his ex-spouse equity in the amount of approximately $900,000.00 and retain ownership of the home. *Id.* On June 4, 2021, Plaintiff sent an email to the realtor instructing the realtor not to list the Subject Property, in violation of the terms of the stipulated General Judgment. ECF 7, Ex. A at ¶ 7(b).

According to Plaintiff, a Credco Credit Report dated June 2021 reported an inaccurate late payment on the mortgage for the Subject Property from October 2020. ECF 1 at ¶ 58. The Credit Report reported the payment as 60–89 days late when payment was 30 days late and the account status should have been marked as in forbearance. *Id.* at ¶¶ 58–59. On or about June 6, 2021, Quontic discovered the reported late payment and denied Claimant's application. *Id.* at ¶ 5. Plaintiff alleges that this late payment was reported in error by Defendant. *Id.* at ¶¶ 5, 59.

Plaintiff alleges that he "immediately contacted [Defendant] to correct" the mistake, and filed a Consumer Financial Protection Bureau ("CFPB") complaint in July of 2021. *Id.* at ¶ 5. Defendant corrected the inaccurate reporting on August 18, 2021, following Plaintiff's filing of a complaint with the CFPB. *Id.* at ¶ 6. Plaintiff alleges that the inaccurate report "caused the stall of [his] refinance with Quontic," which was "the only path [he] had to retaining ownership" of the Subject Property. *Id.* at ¶ 8. Plaintiff asserts he had no choice but to accept an offer made on

the Subject Property and sold the Subject Property on March 5, 2022. *Id.* at ¶ 9. Plaintiff sold the Subject Property for consideration in the amount of $3,250,000.00. ECF 7, Ex. C at 2.

## LEGAL STANDARD

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

Federal courts hold a pro se litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted). "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (emphasis omitted) (internal quotation marks and citations omitted). Plaintiff is proceeding pro se. Therefore, this Court construes Plaintiff's pleadings liberally and affords Plaintiff the benefit of any doubt.

## DISCUSSION

Plaintiff's Complaint alleges that Defendant, as a credit-information furnisher, provided inaccurate information on Plaintiff's June 2021 Credco Credit Report. ECF 1 at ¶ 58. This Court finds that Plaintiff has failed to state a claim for relief under the FCRA, because Plaintiff's allegations show that Defendant corrected the inaccurate information, and Plaintiff does not allege that Defendant's investigation into the inaccurate information was unreasonable or cursory.

Section 1681s–2(a) prohibits the reporting of inaccurate information to consumer reporting agencies ("CRA") by furnishers. 15 U. S. C. § 1681s–2(a); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). The FRCA defines a furnisher as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 C.F.R. § 1022.41(c). As is relevant to the present case, the FRCA specifically prohibits a furnisher from reporting information "relating to

PAGE 5 – ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

a consumer" to a CRA if the furnisher "knows or has reasonable cause to know that the information is inaccurate." 15 U. S. C. § 1681s–2(a)(1)(A). The FRCA also prohibits a furnisher from reporting information if the furnisher "has been notified by the consumer . . . that specific information is inaccurate" and "the information is, in fact, inaccurate." *Id.* § 1681s–2(a)(1)(B).

FCRA regulates how furnishers must respond to a notice of dispute from a credit reporting agency. "Among other things, the furnisher must correct or delete inaccurate information after conducting an 'investigation with respect to the disputed information.'" *Gross v. CitiMortg., Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) (internal citation omitted); *see also* 15 U.S.C. § 1681s–2(b)(1) (describing the steps that a furnisher must take after receiving notice of a dispute). An investigation into the disputed information must be at least "reasonable" and "non-cursory." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009).

Plaintiff alleges that he notified Defendant about the inaccurate report related to his October 2020 mortgage payment in June of 2021, and again in July of 2021. ECF 1 at ¶ 5. Plaintiff then alleges that Defendant corrected the inaccurate reporting on August 18, 2021. *Id.* at ¶ 6. A furnisher's duty to investigate allegedly inaccurate information "arise[s] only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties" under 15 U.S.C. § 1681s–2(b). *Casillas v. MTC Fin., Inc.*, No. 15-cv-0085-JD, 2015 WL 2120565, *3 (N.D. Cal. May 5, 2015); *see also Gorman*, 584 F.3d at 1154. Plaintiff does not allege that a CRA furnished any notice of dispute to Defendant; Plaintiff only alleges that he personally furnished notice to Defendant and that Defendant "did not take action until Claimant filed his Consumer Financial Protection Bureau Complaint in July 2021." ECF 1 at ¶ 5.

PAGE 6 – ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Moreover, even if notice from the CFPB was sufficient to trigger Defendant's duty to investigate, Plaintiff does not allege that Defendant failed to undertake a reasonable investigation into the inaccurate reporting. *See Gorman*, 584 F.3d at 1157 (holding that an investigation under 15 U.S.C. § 1681s–2(b) "may not be unreasonable."). Nor does Plaintiff allege that Defendant's investigation was cursory. *Id.* (holding that an investigation under 15 U.S.C. § 1681s–2(b) must be "non-cursory . . . ."). Plaintiff has likewise failed to allege that Defendant failed to correct the inaccurate information after receiving notice. Indeed, taking Plaintiff's factual allegations as true, as this Court must on a motion to dismiss, Plaintiff has alleged that Defendant received notice of inaccurate reporting from the CFPB, not a CRA, and corrected the error within weeks of notification. ECF 1 at ¶¶ 5–6. Plaintiff therefore has not pled facts sufficient to state a claim for relief under the FRCA.

## CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's Motion to Dismiss. Because this is Plaintiff's first complaint, this action is DISMISSED without prejudice and with leave to amend. Plaintiff is allowed 14 days from the date of this order to amend his claims against Defendant by filing a complaint that complies with the requirements of Fed. R. Civ. P. 8(a) and includes all of the facts necessary to support the elements of his legal claim. Plaintiff is advised that failure to file an amended complaint as ordered will result in dismissal of this action.

**IT IS SO ORDERED.**

DATED this 17th day of April, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge